UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALLEN K. GILBERTSON, | Civil No. 06-611 (JMR/JSM) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| R.L. MORRISON, Warden, | |
| Respondent. | |

JANIE S. MAYERON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Motion To Consolidate [Docket No. 3].  Petitioner claims that pursuant to 28 C.F.R. §§ 570.20 and .21, the Bureau of Prisons ("BOP") has failed to consider transferring him to a Residential Reentry Center ("RRC")[1] for the last 6 months of his federal prison sentence. On April 4, 2006, Petitioner sent a letter to Federal District Judge James Rosenbaum asking that his habeas corpus Petition be granted in light of the fact that 28 C.F.R. §§ 570.20 and 570.21 were found to be invalid and in conflict with 28 U.S.C. § 3621(b) by the Eighth Circuit.  See Docket No. 11.  On May 3, 2006, Judge Rosenbaum instructed Respondent to respond to Petitioner's April 4, 2006 letter.  See May 3, 2006 Order [Docket No. 12].  Respondent has filed a response to Petitioner's April 4, 2006 letter stating that it has changed its policy regarding RRC placement, and that it has reconsidered the Petitioner's RRC placement.

---

[1] Until recently, RRCs were known as Community Corrections Centers ("CCCs") and commonly referred to as halfway houses.

This matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that the Petition and the Motion to Consolidate should be denied as moot.

**I.     BACKGROUND**

Petitioner is a prisoner at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). He is serving a fifteen-month federal prison sentence with one year supervised release following his conviction for odometer tampering. See Declaration of Ann C. Kinyon ("Kinyon Decl."), ¶ 3. According to Petitioner, his projected release date is October 25, 2006, and he was told that his release date to a RRC would be September 17, 2006, thereby only entitling him to only five weeks of RRC placement.[2] See Petition, ¶¶ 12-13. Petitioner requested that "the Court issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requiring that respondents consider transferring Petitioner to a CCC for the last six months of his confinement, under the same principles applied by the BOP prior to December 2002." See Petition at 6 (emphasis added). In response to Petitioner's April 4, 2006 letter and the decision issued by the Eighth Circuit in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), Respondent stated that RRC placement recommendations are no longer limited to the last six months or ten percent of the sentence being served, which ever is less, and that the referrals are now based on a number of individualized factors. See Government's Response to Petitioner's Motion for an Order Directing the Bureau of Prisons to Consider him for Additional Halfway House Time ("Govt. Resp.") at 2. In addition, Respondent stated that as a result of the BOP policy change, Petitioner has been reconsidered for placement in a RRC without regard

---

[2]  According to Respondent, under 18 C.F.R. §§ 570.20 and 570.21 Petitioner's would likely be referred to 38 days of RRC placement. See Kinyon Decl., ¶ 5.

2

to 28 C.F.R. §§ 570.20 and 570.21, and Petitioner is now eligible for 45-90 days in a RRC. <u>Id</u>. at 2-3.

## II. DISCUSSION

At issue in this case, is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B. recommending a type of penal or corrections facility as appropriate; and
5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

On February 14, 2005, the BOP adopted 28 C.F.R. §§ 570.20 and .21, which categorically limited an inmate's eligibility for pre-release to community confinement during the last ten percent of the prison sentence being served, not to exceed six months.

On April 6, 2006, the Eighth Circuit declared §§ 570.20 and 570.21 invalid and in conflict with 28 U.S.C. § 3621(b). <u>Fults v. Sanders</u>, 442 F.3d 1088, 1092 (8th Cir. 2006). The Eighth Circuit held that the BOP may not categorically determine the amount of time that a

prisoner will be allowed to spend in community confinement, but in order to comply with 28 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

In light of the Fults decision, the BOP acknowledged that it has changed its position in the Eighth Circuit. See Govt. Resp. at 2. In this regard, the Government asserted that the BOP no longer follows §§ 570.20 and 570.21, and instead adheres to the BOP's pre-2002 guidelines, as set forth in Program Statement 7310.04, *Community Corrections Center (CCC) Utilization and Transfer Procedures*, December 16, 1998. Id. According to the Government, Program Statement 7310.04 allows for direct commitment to a RRC and does not limit RRC placement to six months or ten percent of the sentence, which ever is less. Id. In addition, Program Statement 7310.04 bases the RRC determination on a number of individualized factors. Id. (citing Program Statement 7310.04 at 7-8).

As a result of the changes made to BOP's policy, the Government has stated that it does not oppose the instant Petition to the extent that it seeks BOP reconsideration of the date on which the Petitioner should be assigned to an RRC without regard to §§ 570.20 and 570.21. Gov't Resp. at 2-3. Due to the reconsideration of his RRC time by the BOP, Petitioner is now eligible for 45-90 days in a RFC, as opposed to the 38 days previously determined by the BOP under the ten percent date. Id. at 3. Petitioner has received the relief he is seeking, and his Petition is moot.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket

No. 1] and Motion to Consolidate[3]  [Docket No. 3] be **DENIED** as moot.


Dated:  July 26, 2006


                                       s/ *Janie S. Mayeron*
                                       JANIE S. MAYERON
                                       United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 14, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[3]    This Court notes that with regards to Petitioner's Motion to Consolidate his case with Ragsdale v. Caraway, Civ. No. 05-1596 (MJD/JJG) (D. Minn. Jan. 6, 2006) there is no case with which the instant case can be consolidated in light of the fact that Judge Davis granted Ragsdale's petition for a writ of habeas corpus on January 6, 2006.